UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Hearing Date: **3/22/17**

Hearing Time: **9:30 am**

------------------------------------------------------- X

In re:

EDWARD M. COVELLI, JR. and
RITA BARRA COVELLI,

Case No.: 15-36090-cgm

Chapter 7

                           Debtors.

-against-

WILLIAM CLEMENT,

                           Creditor.

------------------------------------------------------- X

## NOTICE OF HEARING OF MOTION TO
## REOPEN CASE AND COMPLAINT FOR CONTEMPT AND SANCTIONS FOR
## VIOLATIONS OF THE DISCHARGE INJUNCTION

      **PLEASE TAKE NOTICE,** that upon the annexed motion (the "Motion") of Edward M.
Covelli, Jr., will move this court before the Honorable Cecelia G. Morris, in her courtroom
located at the United States Bankruptcy Court for the Southern District of New York, 355 Main
Street, Poughkeepsie, NY 12601at the above hearing date and time for entry of an order to
reopen case and complaint and sanction for violation of the discharge injunction and for such
other relief as the Court may deem appropriate.

      **PLEASE TAKE FURTHER NOTICE,** that any responses or objections to the motion
must: (a) be in writing; (b) shall conform to the Federal Rules of Bankruptcy Procedures and the
Local Rules of Bankruptcy Court for the Southern District of New York; (c) shall be filed with
the Bankruptcy Court electronically in accordance with General Order M-242 and Supplemental
General Order M-269; (d) be submitted in hard-copy form directly to the chambers of the
Honorable Cecelia G. Morris, United States Bankruptcy Judge; and (e) be served upon, Edward
M. Covelli, Jr. 35 Top O Hill Rd., Wappingers Falls, NY 12590, in each case so as to be received
no later than seven (7) days before the Hearing.

FILED
US BANKRUPTCY COURT
POUGHKEEPSIE, NY
2016 FEB 17 A 9: 45

**PLEASE TAKE FURTHER NOTICE,** that if no objections to the Motion are timely filed and served in accordance with the procedures set forth herein, the Bankruptcy Court may enter an order granting the Motion without further notice.

X _____ 2/17/16

Edward M. Covelli, Jr.
35 Top O Hill Rd
Wappingers Falls, NY 12590
(845) 240-1493
*Appearing Pro Se*

Subscribed and sworn to before me on the _____ th day of _____, 2016 in
_____ County.

_____
Notary Public

*Appearing Pro Se*
**To:**
MICHAEL G. GARTLAND, ESQ.
CORBALLY, GARTLAND and RAPPLEYEA, LLP
Attorneys for Creditor
35 Market Street
Poughkeepsie, New York 12601

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Hearing Date: 3/22/17

Hearing Time: 9:30 am

---------------------------------------------------------- X

In re:

Case No.: 15-36090-cgm

EDWARD M. COVELLI, JR. and
RITA BARRA COVELLI,

Chapter 7

              Debtors.

-against-

WILLIAM CLEMENT,

              Creditor.

---------------------------------------------------------- X

FILED US BANKRUPTCY COURT POUGHKEEPSIE, NY 2016 FEB 17 A 9:45

## MOTION TO REOPEN CASE AND COMPLAINT FOR CONTEMPT AND SANCTIONS FOR VIOLATIONS OF THE DISCHARGE INJUNCTION

To: Hon. Cecelia G. Morris, Chief United States Bankruptcy Judge

EDWARD M. COVELLI, JR., being duly sworn, deposes and says:

    1.     I am one of the Debtors named herein and, as such, I am fully familiar with the facts and circumstances surrounding this action. I submit this motion and affidavit in support of motion to reopen this bankruptcy case and to seek sanction against Creditor William Clement for contempt and violations of the discharge injunction set forth in 11 U.S.C. §524(a)(2).

### PARTIES

    2.     Edward M Covelli, Jr and Rita Barra Covelli (hereinafter "Covelli"), residing at 35 Top O Hill Road, Wappingers Falls, New York are the debtors in this case.

    3.     William Clement (hereinafter "Clement"), is an individual residing at 235 Ressique Road, Stormville, New York 12582 and is a creditor and an interested party in this case.

### JURISDICTION AND VENUE

    4.     Section 11 U.S.C. §350(b) of the Bankruptcy Code permits a bankruptcy court to reopen a case which has been closed in order to accord relief to the debtor in cases of violations of the discharge injunction.

5.        The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the general order of reference entered in this district.

6.        This motion seeks sanctions, compensatory damages and punitive damages against Clement for willfully, knowingly and contemptuously violating the discharge injunction under 11 U.S.C. §524(a)(2).

## HISTORY OF CASE

7.        The documents of this case are on file with this Court and available for review.

8.        Clement commenced a foreclosure action 2013/6596 on the Property, commonly know as 231 Ressique Rd, Stormville, NY on November 6, 2013.

9.        Clement received a final judgement of foreclosure and sale on October 24th, 2014.

10.       Covelli filed the petition for this bankruptcy case on June 15, 2015.

11.       Clement was granted relief from the automatic stay on July 7, 2015.

12.       Clement took possession of the Property on July 23, 2015.

13.       Clement filed a motion with the State Court asking that property be returned.

14.       The Property was sold at public auction on August 21, 2015 and the deed was conveyed to Clement on August 24, 2015.

15.       On September 3, 2015, the Hon. James D. Pagones denied Clement's motion that property be returned.

16.       Clement filed an adversarial complaint to this discharge on September 11, 2015.

17.       Discharge in this case was granted by Hon. Cecelia G. Morris on September 30, 2015.

18.       Covelli filed a motion to dismiss the adversarial complaint and a hearing was held before the Hon. Cecelia G. Morris on November 3, 2015 granting Covelli's motion to dismiss.

19.       Clement filed a motion on December 18, 2015 to clarify his rights in state court.

20.       On January 14, 2016 an order was granted "that the debt owed to creditor, William Clement, is discharged except that any postpetition damages inflicted on the property located at and commonly known as 231 Ressique Road, Stormville, New York 12582 are not discharged by the Debtors' chapter 7 case, are not included in the bankruptcy estate and are not subject to the automatic stay; it being understood that this Order does not address if any such damages have occurred, which *may* ~~must~~ be determined by a New York State Court."

21.     On January 20th, 2016 the Final Decree was issued by the Hon. Cecelia G. Morris and this bankruptcy case was closed.

22.     On January 22, 2016, Clement filed a motion in state court to confirm report of sale and for leave to enter deficiency judgement. **(Exhibit A)**

23.     On February 5, 2016, Covelli filed a cross motion to dismiss Clement's motion for leave to enter a deficiency judgment with the State Court and sent a letter to Mr. Gartland, Clement's attorney advising him of the violation, with copies sent to this Court and the State Court. **(Exhibit B)**

24.     On February 13, 2016 Covelli received a letter from Mr. Gartland opposing Covelli's cross motion to dismiss and asking that Clement's motion for leave to enter a deficiency judgement be granted. **(Exhibit C)**

## FACTS

25.     Violation of the injunction: Clement's motion for leave to enter deficiency judgment is in direct violation of 11 U.S.C. §524(a)(2) which operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived. A deficiency is a dischargeable debt. Mr. Gartland has stated to the State Court that "The Bankruptcy Court has determined that the Plaintiff (William Clement) is only barred from seeking a deficiency against the Defendants (Edward and Rita Covelli) for the difference between $293,000.00 and what was owed under the judgement herein." The order made by the Hon. Cecelia G. Morris on January 14th, 2016 only gave leave to pursue post-petition damages, not relief from the injunction for pre-petition deficiency.

26.     Lack of evidence: Clement has once again submitted the same list of 61 items of pre-petition unfinished work and normal wear and tear, this time as a list of post-petition damages. However, the list of purported repairs does not include any evidence of damages nor any evidence that they have occurred post-petition. **(Exhibit D)**

27.     Violation of Statute of limitations: Clement's motion for leave to enter deficiency judgment is also in direct violation of N.Y. RPA. LAW § 1371(2). The automatic stay does not apply to post-petition damages, but it does apply to deficiency judgements. The automatic stay was lifted on July 7, 2015 and the deed was conveyed on August 24, 2015. Therefore, the ninety

day statute of limitations has expired. Further, 11 U.S.C. §362(a)(6) states that the automatic stay generally "continues until… the time a discharge is granted or denied." Ignoring that the automatic stay does not apply to post petition debts and that relief from the automatic stay was granted on July 7th, 2015, the discharge was granted on September 30, 2015 and the stay was no longer in effect as of that date. Clement's motion for leave to pursue a deficiency judgment is well after 90 days from the relief from the automatic stay, conveyance of the deed and the date of discharge.

28.     Contempt of Court: In Mr. Gartland's opposition to my cross motion he states to the State Court that the stay was only lifted on January 14, 2016 and that he has ninety days from that date to file for a deficiency judgement. The stay was lifted on July 7th, 2015 and again on September 30, 2015.

29.     Contempt of Court: Mr. Gartland was well aware that the petition for this discharge was duly filed on June 15, 2015 and included the mortgage on the Property. Mr. Gartland in his opposition has intentionally mislead the State Court by asserting that Covelli's previously dismissed Chapter 13 case filed on December 2, 2014 is the "only rational 'post-petition' date."

30.     Willful and knowledgeable violation of the injunction: Despite my letter and cross motion informing Mr. Gartland of the violation of the injunction, he has willfully chosen to continue Clement's action for a leave to enter motion for a deficiency judgement. Clement's continued action for a judgement to collect on prepetition debt as a personal liability is a violation of the discharge injunction.

31.     Pattern of harassment: This is the third motion Clement has filed to recover his deficiency, two were previously denied. Three hearings were held in State Court and four hearings in Bankruptcy Court on this issue. I have spent many hours of time and money consulting with attorneys, meeting with attorneys, preparing documents and appearing in court, as well as lost time from work. The purpose of a bankruptcy discharge is to provide a fresh start financially. Clement is continually preventing me from enjoying the fresh start granted to me by this Court.

## DEMAND FOR RELIEF

WHEREFORE, Edward M. Covelli, Jr. respectfully requests that this Court enter judgment against the William Clement as follows:

A. On the First Count for Violation and Contempt, granting the request for violation of the discharge injunction and a stay against the motion in state court for leave to enter a deficiency judgment; and

B. On the second count for Violation and Contempt, an order that the discharged debt, owed to creditor, William Clement, does include deficiencies, any loss in value of the property, any wear and tear and any unfinished work on the real property located at and commonly known as 231 Ressique Road, Stormville, NY 12582; and it is further

C. On the third count for Violation and Contempt, an order that the lift stay granted to creditor, William Clement, on July 7th, 2015 includes only the particular items of personal property and collateral specified in said Motion and Order Terminating the Automatic Stay, specified in the Foreclosure Complaint dated November 6th, 2013, and specified in the Final Judgment of Foreclosure and Sale dated October 24th, 2014 on the real Property located at and commonly known as 231 Ressique Road, Stormville, NY 12582.

D. On the Fourth Count for Violation and Contempt, granting damages in the amount of $10,000 in compensatory damages and $5,000 in punitive damages to Edward M. Covelli, Jr. and Rita Barra Covelli; and

E. Granting any such other and further relief as the Court deems just and proper.

X _____
Edward M. Covelli, Jr.
35 Top O Hill Rd
Wappingers Falls, NY 12590
(845) 240-1493
*Appearing Pro Se*

Subscribed and sworn to before me on the 17 th day of February, 2016 in
_____ Dutchess _____ County.

_____
Notary Public

CAROL NICHOLSON
NOTARY PUBLIC, State of New York
No. 04NI6182576
Qualified in Dutchess County
Commission Expires 2/25/16

*Appearing Pro Se*
To:
MICHAEL G. GARTLAND, ESQ.
CORBALLY, GARTLAND and RAPPLEYEA, LLP
Attorneys for Creditor
35 Market Street
Poughkeepsie, New York 12601

**EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS

--------------------------------------------------------------------------

WILLIAM CLEMENT

                                              Plaintiff

                against

EDWARD M. COVELLI, JR. and RITA BARRA
COVELLI,

                              Defendants.

--------------------------------------------------------------------------

Index No. 2012/3208

AFFIRMATION IN
SUPPORT OF MOTION
TO CONFIRM REPORT
OF SALE AND FOR
LEAVE TO ENTER
DEFICIENCY JUDGMENT

Assigned Judge:
Hon. James D. Pagones

   **MICHAEL G. GARTLAND**, pursuant to CPLR 2106 and under the penalties of perjury, affirms
as follows:

   1.     I am attorney at law and am a partner in the firm of Corbally, Gartland and Rappleyea, LLP,
the attorneys of record for WILLIAM CLEMENT (the "Plaintiff") in the within foreclosure action and, as
such, am fully familiar with the facts of this case and the proceedings heretofore had herein.

   2.     I submit this affirmation in support of the plaintiff's motion to confirm the report of sale and
for leave to enter a deficiency judgment against the Defendants, EDWARD M. COVELLI, JR. and RITA
BARRA COVELLI (hereafter the "Defendants").

   3.     The Referee's report of sale in this action was duly filed in the Office of the Clerk of the
County of Dutchess on the 9th day of September, 2015 (a copy is annexed as Exhibit A).

   4.     No exceptions to the referee's report of sale have been filed.

   5.     Pursuant to the judgment of foreclosure and sale duly made and entered in the above-entitled
action and bearing date the 24th day of October, 2014, the mortgaged premises were sold at public auction
by Jack Schachner, the Referee therein appointed in the rear lobby of the Dutchess County Courthouse at
Poughkeepsie, New York on the 21st of August, 2015, to the Plaintiff herein for the sum of One Hundred
Thousand and no/100 ($100,000.00) Dollars. that being the highest sum bid therefor.

   6.     This motion is made within thirty (30) days after the plaintiff obtained relief from the United
States Bankruptcy Court to pursue the relief sought herein.

   7.     The statement of the Referee's report showing the result of the sale is as follows:

| | |
|---|---|
| Amount obtained from sale | $100,000.00 |
| Amount of tax liens assumed by plaintiff (as purchaser) | 24,673.84 |
| Amount of referee's fees and disbursements | 1,334.06 |
| Amount of costs/disbursements allowed plaintiff in judgment/ additional allowance | 2,185.50 |
| Amount of mortgage debt for plaintiff in judgment and interest | 462,813.10 |
| Attorneys' Fees | 10,937.50 |
| Amount needed on sale | 501,944.00 |
| Amount of Deficiency on sale | 401,944.00 |

The plaintiff has incurred the following costs and disbursements and/or expenses in connection herewith:

| | |
|---|---|
| Tax stamps on deed and recording charges | $1,645.00 |
| Cost of Appraisal | 450.00 |

8.     The aforesaid judgment of foreclosure and sale provides that Plaintiff has permission to apply pursuant to R.P.A.P.L. Section 1371 for a judgment for any deficiency which may remain on the sale of the mortgaged premises described in the complaint against the Defendants.

9. On or about June 15, 2015 the Defendants filed for protection under Chapter 7 of the United States Bankruptcy Code. On September 30, 2015 by order of Hon. Cecilia G. Morris (Chief US Bankruptcy Judge for the Southern District of New York), the Defendants, were granted a discharge from their debts. On January 14, 2016 the plaintiff obtained an order from the Hon. Cecilia G. Morris (Chief US Bankruptcy Judge for the Southern District of New York) indicating that despite the aforesaid discharge, the Plaintiff was not barred from seeking a deficiency judgment against the Defendants for the diminution in the value of the property caused by the actions of the Defendants, and that the Plaintiff was only barred from seeking a deficiency judgment due to normal market value fluctuations (see Exhibit B).

10.     The fair market value of the property can be affected both by "market conditions" and by the physical condition of the property. In this instance the property is affected by both factors. The Bankruptcy Court has determined that the Plaintiff may not pursue the Defendants for the reduced value of the property due to normal market conditions but he may pursue the Defendants for the reduced value of the property due to the physical condition the property was left in by the intentional and deliberate acts of the Defendants that occurred after the Defendants filed for bankruptcy protection and during the course of the Defendants vacating the property. As set forth above the mathematical deficiency is $304,039.00. The value of the property in its present physical condition is $200,000.00 due to the intentional and deliberate acts of the Defendants. Without that damage to the property, it would be worth $293,000.00. Those acts have reduced the value of the property by $93,000.00 for which the Plaintiff should be entitled to a deficiency judgment against the Defendants.

11.     The Bankruptcy Court determined that the Plaintiff is only barred from seeking a deficiency against the Defendants for difference between $293,000.00 and what was owed under the judgment herein.

12.     As appears from the appraisal of Valuation Consultants of Newburgh, New York dated as

of August 21, 2015, a copy of which is annexed here as Exhibit C, the fair and reasonable value of the premises on 131 Starr Ridge Road, Town of Southeast, New York was not in excess of $200,000.00.

13.     True copies of the summons and complaint herein were personally served on the Defendants, Edward M. Covelli, Jr. and Rita Barra Covelli, under the provisions of CPLR 308(2) by personal delivery to a person of suitable age and discretion at the actual dwelling place of said defendant and by mailing as more particularly appears from the affidavit of service on file herein.  Both defendants appeared herein by their attorneys, DANIELS, PORCO AND LUSARDI, LLP.

**WHEREFORE**, affirmant prays that an order be made and entered herein:

1.     Ratifying and confirming the said Referee's Report of Sale dated the 29th day of August, 2015 and filed herein on September 9, 2015 and making absolute and binding forever the sale therein mentioned;

2.     Granting leave to the Plaintiff, pursuant to R.P.A.P.L. Section 1371, to enter a deficiency judgment against the Defendants, EDWARD M. COVELLI, JR. and RITA BARRA COVELLI, in the amount of $93,000.00 with interest thereon from August 21, 2015, the date of the Referee's report of sale together with $2,095.00 representing the cost of recording the referee's deed and obtaining the appraisal and providing that the Plaintiff have execution therefor; and

3.     Granting Plaintiff such other, further and different relief as to the Court may seem just and proper.

Dated: Poughkeepsie, New York
         January 22, 2016

_____
**MICHAEL G. GARTLAND**

**CORBALLY, GARTLAND AND RAPPLEYEA, LLP**   •   *ATTORNEYS AND COUNSELORS AT LAW*
35 MARKET STREET   •   POUGHKEEPSIE, NEW YORK 12601   •   (845) 454-1110

**EXHIBIT B**



**Edward Covelli**
35 Top O Hill Rd
Wappingers Falls, NY 12590
845-240-1493 • 801-838-0468 fax
ecovelli@ecovelli.com

February 2, 2016

Michael G. Gartland, Esq
Corbally, Gartland and Rappleyea, LLP, Attorneys for Plaintiff
35 Market Street
Poughkeepsie, NY 12601

Re: Clement V. Covelli; Index No: 2013/6596
Assigned Judge: Hon. James D. Pagones
Motion for leave to enter deficiency judgement
Bankruptcy Matter; case No. 15-36090(cgm)

Dear Mr. Gartland:

**YOU ARE HEREBY NOTIFIED** that you are in violation of 11 U.S.C. §524(a)(2) which operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

Continued willful violation of this injunction will result in the debtor seeking damages, including costs and attorney's fees, and, in appropriate circumstances, the debtor may recover punitive damages.

I demand that the above referenced Motion be dismissed.

Sincerely,

Edward M. Covelli, Jr.

cc:   Hon. James D. Pagones
      Hon. Cecilia G. Morris

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
------------------------------------------------------------------- X

WILLIAM CLEMENT

                            Plaintiff

    -against-

EDWARD M. COVELLI, JR. and
RITA BARRA COVELLI,

                        Defendants
------------------------------------------------------------------- X

**Index No.: 2013/6596**

MOTION TO DISMISS AND
AFFIDAVIT IN OPPOSITION
TO LEAVE TO ENTER
DEFICIENCY JUDGMENT

Assigned Judge:
Hon. James D. Pagones

## MOTION TO DISMISS AND
## AFFIDAVIT IN OPPOSITION TO LEAVE TO ENTER DEFICIENCY JUDGMENT

I, EDWARD M. COVELLI, JR. (the Defendant), being duly sworn, deposes and says in answer to the affidavits and motions of William Clement (the Plaintiff):

### MOTION TO DISMISS

1.    The Plaintiff's motion for leave to enter deficiency judgment is in direct violation of 11 U.S.C. §524(a)(2) which operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived. The Hon. Cecilia G. Morris in her ruling from the bench on November 3rd, 2015 (see Exhibit "A") ruled that a deficiency is a dischargeable debt. The order clarifying that decision (see Exhibit "B") made by the Hon. Cecilia G. Morris on January 14th, 2016 does not give leave to pursue a deficiency judgment. A letter was sent to Mr. Gartland, attorney for plaintiff, informing him of this violation. (see Exhibit "C")

2.    The Plaintiff has indicated that the sale took place on August 21st, 2015 and the deed was conveyed on August 24th, 2015. The order terminating the automatic stay (see Exhibit "D") was granted on June 30th, 2015 and entered on July 7th, 2015, prior to the sale on August 21, 2015, prior to the conveyance of the deed on August 24th, 2015 and before the discharge of the debt on September 30, 2015 . This motion for leave to enter deficiency judgment is outside

the ninety days statute of limitations and is in direct violation of N.Y. RPA. LAW § 1371(2) Deficiency Judgment which states that:

> Simultaneously with the making of a motion for an order confirming the sale, <u>provided such motion is made within ninety days after the date of the consummation of the sale by the delivery of the proper deed of conveyance to the purchaser, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment</u> upon notice to the party against whom such judgment is sought or the attorney who shall have appeared for such party in such action. Such notice shall be served personally or in such other manner as the court may direct. Upon such motion the court, whether or not the respondent appears, shall determine, upon affidavit or otherwise as it shall direct, the fair and reasonable market value of the mortgaged premises as of the date such premises were bid in at auction or such nearest earlier date as there shall have been any market value thereof and shall make an order directing the entry of a deficiency judgment. Such deficiency judgment shall be for an amount equal to the sum of the amount owing by the party liable as determined by the judgment with interest, plus the amount owing on all prior liens and encumbrances with interest, plus costs and disbursements of the action including the referee's fee and disbursements, less the market value as determined by the court or the sale price of the property whichever shall be the higher.

## OPPOSITION TO AFFIDAVIT IN SUPPORT OF
## MOTION TO ENTER LEAVE FOR DEFICIENT JUDGEMENT

3.      A general denial to all of the allegations in the motion.

4.      In response to ¶ 8 of Affidavit: The plaintiff is barred from a judgment for any deficiency pursuant to 11 U.S.C. §524(a)(2).

5.      In response to ¶ 9 of Affidavit: Plaintiff has produced an order from the bankruptcy court (see Exhibit "B") only clarifying that <u>post petition damages</u> are not discharged by this bankruptcy, he has not produced any order from the bankruptcy court allowing him to seek a deficiency claim. The petition was filed on June 16, 2015 and the property was unlawfully seized on July 23, 2015. Any claim to post-petition damages must be proven and proved to fall within that window of time.

6.      In response to ¶ 10 of Affidavit: The order clarifying the discharge (see Exhibit "B") made by the Hon. Cecilia G. Morris on January 14th, 2016 did not determine that the Plaintiff may pursue any deficiency judgment. The method of computation is inaccurate and irrelevant as a deficiency judgement cannot be made and will be explained further.

7.     In response to ¶ 11 of Affidavit: The Hon. Cecilia G. Morris in her ruling from the bench on November 3rd, 2015 (see Exhibit "A") ruled that a deficiency is a dischargeable debt.

8.     In response to ¶ 12 of Affidavit: The method of calculation used in the appraisal was the comparison method, as will be described in detail later, the comparisons used are not valid. The method of calculating the decrease in value due to needed repairs relies upon an estimate of repairs provided by the plaintiff and does not take into account whether or not said repairs were indeed post-petition, inflicted by the defendant, or whether the cost of the repairs would actually increase or decrease the actual property value by the cost of the repair. The amount of repairs is greatly exaggerated as will be detailed later. Also, the affirmation states that "the reasonable and fair market value of the premises at 131 Starr Ridge Road, Town of Southeast, New York was not in excess of $200,000." This is not the Property and this suggests that this appraisal was not done expressly for the Property, but for a different property at 131 Starr Ridge Road and changed to represent the Property.

## OPPOSITION TO AFFIDAVIT AS TO VALUE

9.     The appraisal describes the property at 231 Ressique Rd, Stormville, NY (the Property) as 1.2 acre, raised ranch (incorrect, as the property is a split ranch) 8 years old, fair condition (The condition of the property was good, there was no structural damage and everything was in proper working order when it was unlawfully seized),  3 bedrooms and 2 baths above grade (incorrect, all living space is above grade and there are 3 bedrooms and 3 full baths), 1,728 sq ft. gross living area with full basement (the gross living area is 2,800 sq. ft. and there is no basement) and with central air.

The comparison properties are all smaller lots and are listed as .51 acre, 1.01 acre, 1.0 acre and 1.0 acre respectively. The comparison properties are all considerably older and are listed as 30 years old, 39 years old, 45 years old, and 17 years old respectively. The comparison properties are all listed in fair condition likely due to the age of the homes. The comparison properties have less bathrooms and are listed as 2 baths, 1 bath, 1 bath and 2 baths respectively. The comparison properties are all considerably smaller living space and are listed as 1,346 sq ft, 1,144 sq ft, 1,170 sq ft and 1,144 sq ft respectively. None of the comparison properties have central air. None of the properties were sold in the past year, which has been reported as having increasing property values.

10.     The plaintiff submitted a comparable market analysis to the bankruptcy court completed on March 3. 2015 and submitted as evidence on September 14, 2015 (see Exhibit "G") and testified that the market value of the property was $364,993.

11.     The appraiser relies solely on a list of repairs submitted to him by the Plaintiff in his determination of property value. He does not address individually how each repair would affect the property value and by how much as not all repairs directly correlate dollar per dollar to market value. Also, the appraiser has taken the word of the Plaintiff that all of the repairs listed are damages inflicted by me and are post-petition.

## OPPOSITION TO DAMAGES

12.     The plaintiff has submitted a repair estimate (see Exhibit "E") for repairs which, in his opinion, are needed to bring the property to marketable condition. No evidence has been submitted to expressly claim and prove that the alleged repairs are in fact, damages, that they occurred post-petition (after June 16th, 2015)and that they were inflicted by me through negligence or a deliberate act. I object to each and every repair item listed in the motion. The total damage to the property inflicted by me through negligence or deliberate acts amounts to $0. Damages must meet the legal definition:

> Compensation for causing loss or injury through negligence or a deliberate act, or a court's estimate or award of a sum as a fine for breach of a contract or of a statutory duty. Types of damages include (2) Special (or specific): damages that are not presumed in law and are a direct result of an action or injury, such as loss of earnings, medical expenses, and repair bills, that can be assessed with fair accuracy. Such damages must be expressly claimed and proved.

13.     Mr. Gartland, attorney for the plaintiff was advised by my attorney's offices and aware that we would be vacating the Property on August 1st, 2015 and that on that date, we would leave the Property in good condition, reasonable wear and tear excepted. Mr. Gartland was also advised that the appliances, fixtures and other assets in question, located at 231 Ressique Rd, Stormville, NY 12582 (the Property) were not specified in either the Summons and Complaint of Foreclosure nor the Judgment of Foreclosure and Sale.

Courts have held that a plaintiff's failure to specify any particular item of personal property in the pleadings or judgment of foreclosure as subject to the lien of the mortgage being foreclosed should bar the plaintiff's ability to claim that those items were ever part of the action for foreclosure in the first place. Statewide Sav. And loan Ass'n v. Canoe Hill, Inc., 54 A.D.2d

1018 (3d Dept. 1976). Because a foreclosure action is equitable in nature, a mortgagee should plainly allege the items of personal property claimed to be subject to the lien of the mortgage so that the rights of others, in addition to the mortgagor, may be properly considered in the foreclosure action. Id. If a mortgagee intends to foreclose on personal property, the personal property must be specified so that the rights of others may be considered. Id.; *See*, East River Savings Bank v. 671 Prospect Ave, Holding Corp., 280 N,Y.342 (1939).

In the matter herein, neither the Foreclosure Summons and Complaint, nor the Judgment of Foreclosure and Sale specify any particular item of personal property as subject to the mortgage lien. The very problem sought to be prevented by requiring that a mortgagee allege the items of personal property lies here.

14.     Moreover, the claimed value of these repairs are greatly exaggerated by the Plaintiff. The plaintiff has pulled replacement values out of thin air despite having seen the original receipts for these items. The fair cash value of an appliance is calculated by $ACV = COST - (DEPR \times COST \times AGE)$ Where ACV is the actual cash value, COST is the original cost of the item times the inflation rate (the inflation rate is based on the CPI and for the period from August 2008 to August 2015 was 8.78%) or the actual replacement value. The DEPR is the depreciation rate. Rate charts are readily available and the depreciation rates for the items listed are as follows; Dishwasher 12.5%, Dryer 8.3%, Refrigerator 6.7%, Gas stove 5.3%, Wood stove 5%, Washer 12.5%, Light fixtures 5% and carpeting 14.3%. I have detailed my objections to each listed item on the estimate of repairs. (See Exhibit "F").

15.     The repair costs are also significantly higher than reasonable costs. For example, Home Depot includes free delivery and hookup on most appliances, for example Washer/Dryer, Stove, Dishwasher, and Refrigerator. On the estimate of repairs submitted by the plaintiff, the installation charges for those items are as follows: $425, $680, $425, $340. I have detailed my objections to each listed item on the estimate of repairs. (See Exhibit "F").

16.     Furthermore, the Plaintiff neglects to mention that there were many fixtures, other items and improvements left at the Property that were purchased and installed by me and my wife which were left at the Property intact and in good condition for the Plaintiff to derive benefit from and offset the deficiency in value including, among others: $3,000 in personal items, garage door openers, custom tiled bathrooms, floors and walls, a completely insulated and finished third floor to the Property, a designer kitchen vent, premium screen door, custom built

wall-to-wall shelving and replacement and original fixtures left to be installed for those "missing."

WHEREFORE, your Deponent respectfully requests that the Plaintiff's LEAVE TO ENTER DEFICIENCY JUDGMENT be DENIED in its entirety, or in the alternative stayed pending a hearing in bankruptcy court all together with such other and further relief as to this Court seems just and proper.

X _____

Edward M. Covelli, Jr.
35 Top O Hill Rd
Wappingers Falls, NY 12590
(845) 240-1493

Subscribed and sworn to before me
on the 2 th day of _February_, 2016 in _Putnam_ County

_____
Notary Public

Lisa Bess
Notary Public, State of New York
Reg # 01BA6073505
Qualified in Dutchess County
Commission Expires April 22, 20__

*Appearing Pro Se*
To:
MICHAEL G. GARTLAND, ESQ.
CORBALLY, GARTLAND and RAPPLEYEA, LLP
Attorneys for Plaintiff
35 Market Street
Poughkeepsie, New York 12601

**EXHIBIT C**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
------------------------------------------------------------------X

Index No. 2013/6596

WILLIAM CLEMENT,

**OPPOSITION**
**AFFIDAVIT**

Plaintiff

- against -

Assigned Judge:
Hon. James D. Pagones

EDWARD M. COVELLI, JR. and RITA BARRA COVELLI,
Defendants
------------------------------------------------------------------X

STATE OF NEW YORK    )
COUNTY OF DUTCHESS  )ss:

MICHAEL G. GARTLAND, being duly sworn, deposes and says:

1.      I am an attorney at law duly admitted to practice before the courts of the State of New York and the attorney for the Plaintiff herein. In such capacity, I am fully familiar with all the facts and proceedings heretofore had herein.

2.      This affidavit is in reply to the cross motion by the Defendants, EDWARD M. COVELLI, JR. and RITA BARRA COVELLI (hereafter the "Defendants") for an order denying the Plaintiff's application for leave to enter a deficiency judgment or, alternatively, a stay of such application pending some application by the Defendants to Bankruptcy Court. Additionally, this affidavit is in further support of the Plaintiff's motion to confirm the referee's report of sale herein and for leave to enter a deficiency judgment against the Defendants.

3.      The Defendants object to the Plaintiff's application for leave to enter a deficiency judgment against them on the theory that their Chapter 7 discharge bars the Plaintiff from asserting such a claim against them. The Plaintiff concedes that he cannot pursue a deficiency claim against the Defendants for their obligations to him based upon the Mortgaged Premises[1] being worth less than the Defendants' debt to him but only to the extent that such diminution in

---

[1] As used herein, the term "Mortgaged Premises" shall mean the real property known as 231 Ressique Road, Stormville, New York.

value is due to market conditions. The Bankruptcy Court made it quite clear to the Defendants, both in court and in its January 14, 2016 order, that their liability to the Plaintiff for post-petition acts that might have harmed the value of the Mortgaged Premises was not discharged and, in fact, could not be discharged by the Defendants' Chapter 7 proceeding. While the Defendants are accorded some leeway as they represent themselves *pro se*, continually making the same erroneous argument after the Bankruptcy Court has explained the errors to them appears disingenuous.

4. The issue here is the decline in the value of the Mortgaged Premises, if any, attributable to the Defendants' post-petition acts.

5. On January 14, 2016, the Bankruptcy Court entered an order explicitly stating that any post-petition liability for damages the Defendants inflicted on the Mortgaged Premises was not discharged, The Defendants attended the Bankruptcy Court hearing during which the Honorable Judge Morris explicitly and thoroughly explained this to the Defendants. Instead of respecting our courts, the Defendants have improperly attempted to use their Chapter 7 discharge to attempt to avoid their responsibility to the Plaintiff, perhaps, in part, on the assumption that a state court judge could be fooled by such nonsense.

6. Defendants have argued that this Court can only look back to their Chapter 7 date for calculating damages. However, the Defendants initially filed a bankruptcy proceeding under Chapter 13 on December 2, 2014, which they moved to dismiss voluntarily after the Bankruptcy Court lifted the automatic stay against the Plaintiff with respect to the Mortgaged Premises. The Defendants then filed their Chapter 7 case shortly thereafter in an attempt to delay the foreclosure. As a result, the only rational "petition date" to use for damages is their December 2, 2014 petition date.

7. The Plaintiff and his appraiser contend that the Defendants' post-petition acts caused a $93,000.00 decrease in the value of the property. The Plaintiff and his appraiser should be allowed an opportunity to present such evidence at a hearing. As stated in the Plaintiff's moving papers, the amount due the Plaintiff at the time of the sale was $501,944.00, and the value

of the Mortgaged Premises would have been $293,000.00 without taking into account the damage to the Mortgaged Premises after the Defendants' petition date. If the Mortgaged Premises had not been damaged, the Plaintiff would have had a deficiency claim of $208,944.00, presumably resulting mainly from changes in market conditions. This amount has been discharged by the Defendants' Chapter 7 proceeding. However, the Defendants' Chapter 7 discharge does not bar the Plaintiff from pursuing the Defendants for the $93,000 additional diminution in value caused by the post-petition acts of the Defendants.

8.      The Defendants cite the generally applicable rule in RPAPL Section 1371 for initiating a deficiency claim. However, under 11 U.S.C. § 108(c), any applicable time period under non-bankruptcy law is automatically tolled by a bankruptcy proceeding, including until thirty (30) days after the bankruptcy stay has expired or terminated. Since the Bankruptcy Court filed its order regarding the automatic stay on January 14, 2016, this application is timely.

9.      The Plaintiff does not need an order from the Bankruptcy Court to pursue the Defendants for whatever extent their post-petition acts may have contributed to the decrease in the property's value. The Defendants have improperly attempted to use their Chapter 7 discharge to avoid their responsibility to the Plaintiff in spite of the fact of being advised by the bankruptcy Court that they were responsible for their post-petition acts.

10.     The Defendants properly point out a scrivener's error in you deponent's affirmation dated January 22, 2016. Your deponent incorrectly states the address of the Mortgaged Premises to be 131 Starr Ridge Road in the Town of Southeast, New York, when it should be the property identified in the Plaintiff's appraisal – 231 Ressique Road, Stormville, New York. As the Defendants know what property they owned and what property they gave the Plaintiff's construction company a mortgage on, it is submitted that this error causes no prejudice to the Plaintiff's claim against the Defendants. The appraiser's affidavit and the appraisal correctly identify the real property in question.

11.     To the extent the Defendants oppose the Plaintiff's motion on valuation issues, your deponent submits that such issues are questions of fact which necessitate a hearing by this

Court.

12.     The Defendants also oppose the motion based on claims that the personal property they removed was not specifically listed in the complaint and that they didn't own such property, which ignores the fact that the Plaintiff also contends that the Defendants removed fixtures from and intentionally damaged the Mortgaged Premises.  The cases the Defendants cite do not address these issues and focus only on whether personal property covered by a mortgage being foreclosed needs to be specifically listed in the complaint and judgment of foreclosure and sale.  As discussed in said cases, the purpose of specifically listing personal property in the complaint is to put the defendants and other persons who may have an interest is such property on notice that the mortgagor is foreclosing on that personal property.

13.     The Plaintiff's mortgage clearly covers personal property, as set forth in the relevant part of the complaint (paragraph 6):

As security for the payment of said indebtedness, said EDWARD M. COVELLI, JR. and RITA BARRA COVELLI duly executed, acknowledged and delivered to Bilrite Construction Corp. a first Mortgage, dated January 12, 2009 (the "Mortgage"), whereby EDWARD M. COVELLI, JR. and RITA BARRA COVELLI mortgaged to said Bilrite Construction Corp. the premises known as 231 Ressique Road, in Town of East Fishkill, New York, described in said Mortgage, **together with the appurtenances thereto and all fixtures and articles of personal property annexed to or used in connection with the mortgaged premises, as is more fully set forth in said Mortgage** (emphasis added).

14.     The mortgage, in relevant part, states that the "mortgaged premises" includes the following:

all fixtures, chattels and articles of personal property now or hereafter attached to our used in connection with said premises, including but not limited to furnaces, boilers' oil burners, radiators and piping, coal stokers' plumbing and bathroom fixtures, refrigeration, air conditioning and sprinkler systems, was-tubs, sinks, gas and electric fixtures, stoves, ranges awnings, screens, window shags, elevators, motors, dynamos, refrigerators, kitchen cabinets, incinerators, plants and shrubbery, and all other equipment and machinery, appliances, fittings, and fixtures of every kind in or used in the operation of the buildings standing on said premises, together with any and all replacements thereto.

15.     Based upon the foreclosure guarantee obtained by the Plaintiff prior to initiating

this action, no other parties held any record interest in any of the real or personal property that was subject to the Plaintiff's mortgage, and the complaint put the Defendants on notice that the Plaintiff intended to foreclose on and what constituted the "mortgaged premises", which reference carries through the complaint and the judgment as the collateral the Plaintiff intended to foreclose on and sell to satisfy the mortgage debt. Thus, the facts before this Court are distinguishable from the cases cited by the Defendants with respect to personal property and don't even apply to fixtures. Additionally, it would be illogical for the Plaintiff to foreclose on less than all the property that was mortgaged by the Defendants, and such personal property and real property constitute an integral whole.

WHEREFORE, your deponent respectfully requests the Plaintiff's motion to for leave to confirm the referee's report of sale and for leave to enter a deficiency judgment against the Defendants for post-petition acts be granted and that the Defendants' cross motion be dismissed.

_____
MICHAEL G. GARTLAND

Sworn to before me this
11th day of February, 2016.

_____
Notary Public

JACQUELINE T. SULLEN
Notary Public, State of New York
Qualified in Ulster County
No. 4633008
Commission Expires September 30, 2018

**EXHIBIT D**

231 Ressique Rd, Stormville, NY

Basement

| | | Labor | Material | Total |
|---|---|---|---|---|
| 1. | Install 2 2/6 Wood Interior French doors (missing) w/hardware and trim | $85/hr 722.50 8.5hrs | $825 | $1547.50 |
| 2. | Install 15 ft plastic coated metal shelving in closet(missing) Repair holes in sheetrock where shelves were removed | $382.50 4.5hrs | $122 | $504.50 |
| 3. | Replace window trim (damaged) in office reinstall removed base molding in family rm | $170.00 2hrs | $42 | $212 |
| 4. | Install 1 door knob and dead bolt in boiler rm (missing).Install 1 door knob laundry rm. | $212.50 2.5hrs | $76 | $288.50 |
| 5. | Install 1 heat thermostat (missing) | $85.00 1hr | $62 | $147 |
| 6. | Install 1 220/30amp. dryer outlet & plate & 4 additional plates (missing) | $85.00 1 hr | $57 | $142 |
| 7. | Install 4 ceiling fixtures & bulbs in family rm and laundry rm (missing) | $212.50 2.5hrs | $220 | $432.50 |
| 8. | Install spray handle for tub faucet (missing) | $85 | $40 | $125 |
| 9. | Remove and replace oil stained carpet in office (14 x 16) (Berber Beige) | $672 & $100 $3/sf ft x 224 Demo $100 | $784 3.5 sq ft x224 | $1556 |
| 10. | Remove and reinstall 378 square ft floor tile w/electric heat (wires for heater cut, floor uneven, tripping hazard) | $2530 (12hrs demo old $1020)( rubbish $150) Install new heat & grout 16hrs $1360) | $3213 (378sq ft x 8.5) | $5743 |
| 11. | Remove and replace 2 (18 x 18) marble floor in wood stove surround area (damaged during wood stove removal) | $340 4 hrs | $125 (special order) | $465 |
| 12. | Repair damaged sheetrock walls and ceiling | $425 5 hrs | $48 | $473 |
| 13. | Install Wood stove and piping Vermont casting or Yotul | $340 | $2250 | $2590 |

| | | | |
|---|---|---|---|
| 14. Remove and Install backsplash panel behind tub (incomplete job and no tile to complete job found) | $680<br>2 hrs -demo<br>1 hr sheetrock<br>5hrs install tile | $120<br>6x2 = 12 sq ft<br>Drywall $25<br>$95cords & hoses | $825 |
| 15. Purchase and install washer & dryer (same as missing units) | $425<br>5 hrs | $1134<br>front load H.E.<br>$1080<br>front load dryer | $2639 |

**Garage**

| | | | |
|---|---|---|---|
| 16. Remove and replace 9 x 7 Clopay insullated garage door (damaged) | NA | $1475<br>(labor included) | $1475 |
| 17. Remove and replace white aluminum door trim (damaged) | $510<br>6 hrs | $140 | $650 |
| 18. Install generator electrical outlet to electric panel (outlet missing, wire cut and not capped) | $255<br>3 hrs | $240<br>75 (outlet)<br>145 generator cord<br>20 10 gage wire | $495 |

**Foyer**

| | | | |
|---|---|---|---|
| 19. Install 2 sconces over closet doors (missing) | $170<br>2 hrs | $325 | $495 |
| 20. Install Italian eight light crystal chandelier (missing) | $850<br>10 hrs | $7806<br>6750 light<br>250 ship<br>556 tax<br>250scaffolding | $8656 |
| 21. Install 7 ft closet shelves and pole, repair damage drywall (missing) | $255<br>3 hrs | $115 | $370 |
| 22. Install security system (missing)<br>Q. see Brand | $680 | $649 | $1329 |
| 23. Repair sheetrock holes in the walls | $85 | $20 | $105 |

**Ktichen**

| | | | |
|---|---|---|---|
| 24. Remove and replace 15' White Colonial window casing (cut off). Remove and replace 11' of 4" white extension jambs (cut off short) | $340 | $85 | $425 |

| | | | |
|---|---|---|---|
| 25. Install Center Island light (missing) | $85 | $125 | $210 |
| 26. Install 2 corner light pendants (missing) | $85 | $200 | $285 |
| 27. Install 2 GFI outlets w/covers over kitchen counter tops (cut wires &missing) | $170 2 hrs | $44 | $214 |
| 28. Remove and replace backsplash tile (unfinished and tile missing to finish job) | $2295 6hrs demo 5hrs new drywall 16hrs install tile | $600 50 sf ft tile | $2895 |
| 29. Install kitchen Island with White Carrera MarbleTop  (missing) | $850 10 hrs | $2675  top $985 cabinet | $4510 |
| 30. Hardware Kitchen Island to existing electrical cord. GFI (cut in box, outlet and cover) | $340 4 hrs | $45 | $385 |
| 31. Install 36" x 12" Maple pantry w/ matching door knobs (missing) Install 2 fluorescent lights above (2 found, plug Into existing outlet) | $510 6 hrs | $1825 | $2335 |
| 32. Install 24" Stainless Dishwasher (missing) | $425 5 hrs | $864 | $1289 |
| 33. Install 36"W x 70"H Stainless Steel Refrigerator w/Ice Maker (missing) | $340 4 hrs | $2450 | $2790 |
| 34. Install 36" Gas Bertazzoni Range (missing) | $680 8 hrs | $4950 | $5630 |

**Dining Room**

| | | | |
|---|---|---|---|
| 35. Remove and replace 30' White Colonial window casing(cut off short)  Remove and replace 22' of 4" white extension jambs (cut off short).Remove and replace 96" white window sill and 96" white Colonial casing (damaged) | $850 10 hrs | $220 | $1070 |
| 36. Install 1 heat thermostat (missing) | $85 | $62 | $147 |
| 37. Install Dining room Chandelier (missing) | $85 | $350 | $435 |

4

**Hallway**

| | | | |
|---|---|---|---|
| 38. Install 3 ceiling lights and bulbs (missing) | $170<br>2 hrs | $165 | $335 |

**Library**

| | | | |
|---|---|---|---|
| 39. Install 1 ceiling light chandelier | $60 | $180 | $240 |

**Master Bedroom**

| | | | |
|---|---|---|---|
| 40. Install door knob to match others (missing) | $50 | $35 | $85 |
| 41. Install 42' closet shelving w/pole in 2 closets (missing) | $680<br>8 hrs | $366 | $1046 |
| 42. Install 1 ceiling light and bulb (missing) | $60 | $55 | $115 |
| 43. Install 1 heat thermostat (missing) | $85 | $62 | $147 |

**Master Bath**

| | | | |
|---|---|---|---|
| 44. Remove and replace 24" Bath door, trim, hardware (damaged) | $595<br>7 hrs | $165 | $760 |
| 45. Install bath light over sink (missing) | $60 | $150 | $210 |
| 46. Install bath mirror, towel bar, toilet paper holder (missing) | $170<br>2 hrs | $320 | $490 |

**Hallway Bath**

| | | | |
|---|---|---|---|
| 47. Install 2 Bath lights (missing) | $120 | $300 | $420 |
| 48. Install bath mirror, towel bar, toilet paper holder (missing) | $170 | $250 | $420 |

**Bedroom (Hot Pink)**

| | | | |
|---|---|---|---|
| 49. Install ceiling light and bulbs (missing) | $60 | $55 | $115 |
| 50. Remove TV stand on wall, repair dry wall install 2 missing plates | $85 | $25 | $110 |

5

### Bedroom (Purple)

| | | | |
|---|---|---|---|
| 51. Install ceiling light and bulbs (missing) | $60 | $55 | $115 |
| 52. Repair Drywall | $105 | $20 | $125 |
| 53. Install 4' closet shelving rod, repair sheetrock (missing) | $127 | $70 | $197 |

### Attic

| | | | |
|---|---|---|---|
| 54. Re-install Handrail (taken down) | $45 | NA | $45 |

### Exterior

| | | | |
|---|---|---|---|
| 55. Install door knobs and dead bolts (4 doors) (needed to change to stop vandalism) | $637 | $290 | $927 |
| 56. Remove illegal chicken coops, regrade yard and seed | $1020 12 hrs | $1000 dumpster backhoe seed & hay | $2020 |
| 57. Pump septic tank | $100 | $425 | $525 |
| 58. Clean Gutters (trees growing in them) | $300 | NA | $300 |
| 59. Mow Lawn & remove vines from under deck and siding | $450 | NA | $450 |
| 60. Remove and install 48 square vinyl siding (window boxes installed by owners, then removed, stained vinyl siding and left large holes in the siding under 6 windows. Removal of surveillance cameras left large holes, stains cannot be removed. Entire house needs new siding to match in color. | $16,800 | $11,225 | $28,025 |

### Other

| | | | |
|---|---|---|---|
| 61. Touch up paint to match existing paint where sheet rock holes need repair. | $1360 | $740 | $2100 |

## Basement

1. French Doors were never part of the Property. A French door set was purchased on Clearance from Home Depot for $300. The frame was installed, but the French doors were never installed because the building inspector said that that room was not a bedroom and could not have doors installed. At the time of the petition, these doors were not installed. This is not a damage, this is unfinished work. Installation charge of 8.5 hr. is excessive.

2. Shelving was removed pre-petition to use closet as a broom closet.

3. Small holes were made pre-petition to hang pictures, normal wear and tear only.

4. Lockset was not missing at the time the property was unlawfully seized. Installation charge of 2.5 hr. is excessive.

5. Original thermostats were returned to builder pre-petition. My thermostats were removed pre-petition.

6. Outlets were not missing at the time the property was unlawfully seized.

7. Original fixtures were left on property to be installed. This is not a damage, this is unfinished work.

8. Broke pre-petition two years ago, was never replaced. Installation charge of 1 hr. is excessive.

9. No stains on carpeting at the time the property was unlawfully seized, normal wear and tear only.

10. Installation was never completed because of two raised tiles from problems with the wiring, replacement tiles were left on Property. This is not a damage, this is unfinished work.

11. No damage to wood stove flooring at the time the property was unlawfully seized, normal wear and tear only.

12. Damage to sheetrock was from a pre-petition leak in hall bath due to improperly installed plumbing. This is not a damage.

13. Wood stove was not owned by us, not part of the sale, nor the foreclosure judgment and was returned to owner pre-petition. Item cost $1,200 new, actual cash value is $848. Labor charge of $340 is excessive.

14. Tile behind tub is a half wall and was complete work, this is not a damage.

15. Washer/Dryer was not owned by us, not part of the sale, nor the foreclosure judgment. Item cost $1,800 including delivery and installation ($900 each) new, actual cash value is Washer $122 and Dryer $410, total $532. Installation charge of 5 hr. is unwarranted.

## Garage

16. Door was hit by a guest pre-petition several years ago and repaired. Replacement door was quoted as $900 installed from Reynold's Garage Door, the original installer.

17. Trim rotted due to a defect in building drainage, normal wear and tear only.

18. Generator connection was not to code and was removed pre-petition and in the process of being completed, cut wires were not live and needed to be removed. Replacement siding was left at the property to cover the area.

## Foyer

19. Lights are same as when house was purchased, never changed.

20. Chandelier was not owned by us, not part of the sale, nor the foreclosure judgment, the chandelier was removed pre-petition and a replacement fixture was left at the Property. Item cost $1,979 new, actual cash value is $1,400. Installation charge of 10 hr. is excessive.

21. Shelving was not removed nor was there any damage to drywall.

22. A $25 faux security system was installed and removed pre-petition.

23. Minor holes made pre-petition for picture hooks, normal wear and tear only.

## Kitchen

24. Pre-petition scratches are from pet dog, normal wear and tear only.

25. Original fixtures were left on the property to be installed.

26. Original fixtures were left on the property to be installed.

27. Two non standard outlets were removed (Not GFI) and replacement outlets were left on the Property. Wires were left perfectly intact. This is not a damage, this is unfinished work. Installation charge of 2 hr. is excessive.

28. Backsplash was completed and left in perfect condition.

29. Island was a stand alone table and not part of the foreclosure judgment. Installation charge of 10 hr. is excessive.

30. This is a non standard feature. Installation charge of 4 hr. is excessive.

31. Pantry was stand alone cabinet and not part of the foreclosure judgment. Installation charge of 6 hr. is excessive.

32. Dishwasher was no longer working and was not owned by us, not part of the sale, nor the foreclosure judgment and was returned to owner pre-petition. Item cost $659 new, actual cash value $89.

33. Refrigerator was not owned by us, not part of the sale, nor the foreclosure judgment and was removed pre-petition. Item cost $1,999 new, actual cash value $1,154.

34. Stove was not owned by us, not part of the sale, nor the foreclosure judgment and was returned to owner pre-petition. Item cost $3,399 with the hood (left installed at the Property) installation was included, actual cash value with the hood $2,325. Installation charge of 8 hr. is excessive.

35. Pre-petition damage are from scratches from pet dog, normal wear and tear only. Installation charge of 10 hr. is excessive.

36. Original thermostats were returned to builder pre-petition. My thermostats were removed pre-petition.

37. Replacement fixtures were left on the property to be installed.

**Hallway**

38. Lights are same as when house was purchased, never changed.

**Library**

39. Original fixtures were left on the property to be installed.

**Master Bedroom**

40. No doorknobs were missing.

41. Shelving was not removed.

42. Original fixtures were left on the property to be installed.

43. Original thermostats were returned to builder pre-petition. My thermostats were removed pre-petition.

**Master Bath**

44. Damage was done by builder during installation and was never repaired. Installation charge of 7 hr. is excessive.

45. Lights are same as when house was purchased, never changed.

46. No items were removed from bath.

**Hallway Bath**

47. Lights are same as when house was purchased, never changed.

48. Bathroom was never finished, items were never installed.

**Bedroom (Hot Pink)**

49. Lights are same as when house was purchased, never changed.

50. TV and stand were installed pre-petition and left in working order.

**Bedroom (Purple)**

51. Original fixtures were left on the property to be installed.

52. Small holes made pre-petition to hang pictures, normal wear and tear only.

53. No shelving nor sheetrock were removed from closet.

**Attic**

54. Handrail was taken down to remove furniture from the attic and was left intact in the library to be reinstalled, this is not a damage, this is unfinished work.

**Exterior**

55. Unlawfully changed before we left property, even though we had offered to give them keys on August 1st. There was no damage to the locks. Installation charge of $637 is excessive.

56. Chicken coop was installed pre-petition and was left in usable condition.

57. Septic was functioning perfectly; the town requires that it be pumped before 2016, which is after the date of the sale, normal wear and tear only.

58. Gutters were cleaned regularly, normal wear and tear only.

59. Yard work was done on a regular basis and was in reasonable condition at the time the property was unlawfully seized. This is normal wear and tear.

60. Small holes were made pre-petition to install items. Matching caulk was left on the premise with the intention of caulking holes. Staining is from sun damage and is pre-petition and normal wear and tear.

**Other**

61. Normal wear and tear, not damages.